IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAKIEM ANDREWS,** | : | |
| *Plaintiff, Pro Se* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GERALD MAY,** | : | **No. 16-1872** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                    MARCH 11, 2020

Hakiem Andrews brought claims against Gerald May, Warden of the Curran-Fromhold Correctional Facility ("CFCF"), related to the "triple-celling" and constant lockdowns he allegedly endured during his time as an inmate at CFCF from August 2015 until May 2017. The Court granted Warden May's earlier motion for summary judgment on Mr. Andrews' § 1983 prison conditions claim but denied the motion as to Mr. Andrews' claim of civil contempt, holding that a reasonable fact finder could determine that Warden May was aware of the lockdowns occurring at CFCF and failed to remedy the conditions, in turn violating a 2016 settlement agreement in which the City of Philadelphia agreed to make reasonable efforts to reduce the use of lockdowns in the Philadelphia Prison System.

Warden May seeks reconsideration of the Court's denial of the motion for summary judgment on Mr. Andrews' civil contempt claim. For the following reasons, the Court denies the motion for reconsideration.

## LEGAL STANDARD

To succeed on a motion for reconsideration, the moving party "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3)

1

the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." *Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015). Furthermore, "a motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting *F.D.I.C. v. Parkway Exec. Office Ctr.*, No. 96-121, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)); *see also Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 783 (E.D. Pa. 2016) ("Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'") (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *McNeal v. Maritank Phila., Inc.*, No. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Feb. 3, 1999) ("A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion.") (citing *Vaidya v. Xerox Corp.*, No. 97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

"Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)); *see also Johnson v. BB & T Corp.*, No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) ("Third Circuit law is fairly clear that motions for reconsideration . . . are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.") (citations and internal quotation marks omitted).

## DISCUSSION

Warden May seeks reconsideration of the Court's denial of the motion for summary judgment as to Mr. Andrews' civil contempt claim, arguing that reconsideration is needed to correct a clear error of law and prevent manifest injustice. In support of reconsideration, Warden May claims that Mr. Andrews' only available remedy for an alleged violation of the 2016 settlement agreement was, per the terms of the 2016 settlement agreement, to reinstate the class complaint through class counsel during the settlement agreement's two-year pendency. Because Mr. Andrews failed to reinstate the class complaint, Warden May argues that Mr. Andrews cannot now assert a claim for civil contempt here in a separate case.

Warden May, however, never raised these facts or legal arguments to the Court during the course of this litigation. Rather, in his motion for summary judgment, Warden May offered only one discrete argument in support of dismissing Mr. Andrews' civil contempt claim:

> "A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid court order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). Here, Plaintiff has put forth no evidence in the record, let alone clear and convincing evidence, that Warden May failed to make reasonable efforts to reduce triple celling, in violation of the court's order. The record is devoid of evidence regarding Warden May's personal involvement, actions or omissions with regards to triple cells in the [Philadelphia Department of Prisons]. Plaintiff has adduced no evidence to support his claim for civil contempt, and summary judgment is warranted in favor of Warden May on this additional claim.

Mot. for Summ. J. 13.

Warden May's entire basis for asking the Court to grant summary judgment on Mr. Andrews' civil contempt claim was that Mr. Andrews had failed to identify evidence in support of his claim, not that the civil contempt claim was procedurally improper under the terms of the 2016 settlement agreement. The Court can deduce no explanation (nor does Warden May provide one) for why Warden May's newfound argument that Mr. Andrews' claim is improper could not have

3

been raised in Warden May's motion for summary judgment, nor does Warden May provide such an explanation.[1] Yet Warden May did not raise this argument in his motion for summary judgment or at any other point prior to the Court's ruling.[2] Therefore, the Court cannot properly consider this argument for the first time in a motion for reconsideration. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 02-875, 2012 WL 3553297, at *1 (E.D. Pa. Aug. 13, 2012) (denying motion for reconsideration because "[n]o new facts or law have emerged since the prior order was entered, and defendants offer no reason for raising arguments they did not raise previously"); *Farnsworth v. Manor Healthcare Corp.*, No. 01-33, 2004 WL 614774, at *2 (E.D. Pa. Feb. 10, 2004) (finding that the plaintiff requesting reconsideration "failed to raise this argument in his memorandum in opposition to Defendants' Motion for Summary Judgment" and "[r]aising this argument post-judgment is inappropriate and will not be allowed").

## CONCLUSION

For the foregoing reasons, Warden May's motion for reconsideration is denied. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] For example, the 2016 settlement agreement can hardly constitute newly discovered evidence where it served as the basis for Mr. Andrews' claim.

[2] Not only did Warden May fail to raise this argument in his motion for summary judgment, but he never moved to dismiss Mr. Andrews' second amended complaint, the first complaint in which Mr. Andrews included a claim for civil contempt.

4